Nott, J.
delivered the opinion of the Court.
The decisions of our Courts in cases of this sort, I think, have been very uniform and consistent. It has been decided, that an *27 action cannot be maintained at law on an administration bond, until there has been a decree either in the Court of Ordinary, or Court of Equity, ascertaining the amount due.(“) The foundation of those decisions is, that an administrator cannot be required to account for his administration in a Court of Law, either by an action on his bond, or in any other way.
CO Ordinary Williams & parlnnan. 1 N. Powers, 2 N. ^n^gc^' derson,4McG. 4 note. (a)
The effect of such a proceeding would be to draw the cases „ , , , , from those tribunals, to whose jurisdiction such matters properly belong, to a Court of Law, which has no jurisdiction over the matter. Where a decree is pronounced either in a Court of Ordinary, or in a Court of Equity, an action may be maintained on the bond against the administrator, or his securities, to recover the amount so decreed to be due ; and whether the decree be correct or not, cannot be tried in this collateral way. It must be conclusive of what it purports to decide. Now, the principal ground of appeal is, that the defendant was not cited before the Ordinary to account. But the contrary appears on the face of the decree; and even if that recital in the decree be untrue, it cannot be questioned in this form of proceeding.
The counsel for the defendant seems to be under an impression, that it is a good justification of the defendant for not having rendered an account of his administration, that he had never been cited by the Ordinary to do so. But the object of the citation is not the benefit of the administrator: it is intended for the benefit of those who are interested in the estate. The duties of his office require him to account annually. Neglecting to do so, is, to be sure, no forfeiture of his bond, if he be ready, and do account when called upon. But if he fail to appear and to make his defence before the Ordinary, or to appeal from his decree, he is concluded by it as a matter of evidence in a Court of Law. The Court of Equity, however, is still open to him, if he can shew that he is entitled to relief. The decision of the Judge below was, therefore, correct on this point.
With regard to the continuance of the case, that is so much a matter of discretion with the Court to which the application is made, that this Court will seldom interfere in the matter. Besides, it does not appear that the witness could have been heard if he had been present. The object was to reinvestigate the account which had already been settled by the Ordinary, and to *28 the investigation of which, it has already been shown, that this Court was incompetent.
With regard to the allegation, that the co-admipistratrix had not been Called to an account, that was no defence for this defendant. He was liable for the assets which came into his hands.
Motion refused.